UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANDRES VELAZQUEZ,                                Case No:  1:16-cv-24251-JEM

    Plaintiff,

v.

FORTUNE CAPITAL PARTNERS, INC.

    Defendant.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT

Plaintiff, ANDRES VELAZQUEZ ("Plaintiff"), and Defendant, FORTUNE CAPITAL PARTNERS, INC. ("Defendant"), hereby notify the Court that the parties have resolved all claims raised in this matter under the Fair Labor Standards Act ("FLSA") and the Florida Private Whistleblower's Act ("FPWA") and stipulate to the dismissal of all such claims in this action with prejudice. As such, the parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

### FACTUAL BACKGROUND

1.    On or about October 5, 2016, Plaintiff filed his Complaint with this Court seeking compensation for Defendant's overtime violations under the FLSA and retaliation under the FPWA.

2.    Plaintiff alleges that Defendant failed to pay Plaintiff an overtime premium for the hours Plaintiff worked in excess of 40 hours in violation of the FLSA and retaliated against him for engaging in protected activity by terminating his employment in violation of the FPWA.

3. Defendant disputes Plaintiff's overtime calculations, including the hourly rate and the number of hours worked. There is also a factual dispute concerning which entity was Plaintiff's employer. Defendant also contends that Plaintiff was terminated for a legitimate business reason.

4. The parties exchanged documents and information regarding Plaintiff's FLSA and FPWA claims and Defendant's defenses.

5. Counsel for the parties engaged in substantive settlement discussions regarding Plaintiff's FLSA and FPWA claims. The parties reached an agreement to resolve the FLSA and FPWA claims made by Plaintiff.

6. The parties have memorialized the settlement terms in a Settlement Agreement and Release, which is attached as Exhibit A.

## TERMS OF THE SETTLEMENT AGREEMENT

7. The parties have agreed to settle this action and provide for a release of claims by Plaintiff as set forth in the Settlement Agreement for a total settlement payment of $9,000, inclusive of Plaintiff's attorney's fees and costs.

8. Pursuant, to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)., the Court must review the FLSA settlement s to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. There is no requirement that the Court do the same as to the FPWA claim. Plaintiff will receive $4,000 for his FLSA claim and Plaintiff's counsel will receive $2,500 in attorney's fees and costs for the FLSA claim. The remaining payments will be for the FPWA claim. Significantly, the agreements between the parties to resolve Plaintiff's claims were made without regard to the resolution of Plaintiff's attorney's fees and costs.

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, the parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See, e.g., Gruendner v. Douce France Bakery, Inc.*, 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); *Lalog v. Hilton Resorts Corp.*, 2011 WL 1659383, *1 (M.D. Fla. Apr. 4. 2012).

At all times material hereto, Plaintiff and Defendant were represented by counsel experienced in litigating FLSA claims. Both the terms and conditions of the parties' settlement agreement and the settlement amount were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of Plaintiff's statement of claim and other records. The parties, therefore, respectfully submit that that the agreement they have entered into represents a reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*. *See, e.g., Fernandez v. A-1 Duran Roofing, Inc.*, 2013 WL 684736, *2 (S.D. Fla. Feb. 25. 2013) (approving settlement where parties were represented by counsel).

The attorney's fees and costs that the parties agreed upon for Plaintiff's counsel were negotiated separately from the settlement sums paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Accordingly, the Court should approve the settlement as a fair resolution of a bona fide dispute.

Based upon the foregoing, the parties respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynn's Food*, the parties request that the Court approve the parties' settlement as fair and reasonable and dismiss this case with prejudice.

Dated: January 11, 2017.

Respectfully submitted,

| | |
|---|---|
| **WENZEL FENTON CABASSA P.A.** <br> *Attorneys for Plaintiff* <br> 1110 N. Florida Avenue, Suite 300 <br> Tampa, Florida 33602 <br> Telephone (813) 224-0431 <br> Facsimile (813) 229-8712 <br><br> By :/s/ *Luis A. Cabassa* <br> **Luis A. Cabassa** <br> Florida Bar No. 0053643 <br> lcabassa@wfclaw.com | **RICE PUGATCH ROBINSON STORFER & COHEN, PLLC** <br> *Attorneys for Defendant* <br> 101 NE Third Ave, Suite 1800 <br> Fort Lauderdale, Florida, 33301 <br> Telephone (954) 462-8000 <br> Facsimile (954) 462-4300 <br><br> By:/s/ *Ronald J. Cohen* <br> **Ronald J. Cohen** <br> Florida Bar No. 235540 <br> rcohen@rprslaw.com |

J:\WPDocs\5889.001 - Fortune Capital Partners\PLEADINGS\Joint Motion to Approve Settlement -40250v2.docx

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANDRES VELAZQUEZ

CASE NO. 16-cv-24251-JEM

Plaintiff,

vs.

FORTUNE CAPITAL PARTNERS, INC.

Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release Of FLSA Claims ("Agreement") is entered into by and between **ANDRES VELAZQUEZ** ("Plaintiff"), on the one hand, and **FORTUNE CAPITAL PARTNERS, INC.** ("Defendant"), and **FORTUNE CAPITAL MANAGEMENT SERVICES, INC.**

**WHEREAS**, Plaintiff and Defendant are parties to a lawsuit pending in the United States District Court for the Southern District of Florida, styled *ANDRES VELAZQUEZ v. FORTUNE CAPITAL PARTNERS, INC. (Case No. 16-24251-CIV-JEM)*, (the "Lawsuit") for claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), as well as a claim that retaliatory personnel action was taken in violation of Florida Statutes Section 448.102, et. seq. referred to herein as the Florida Private Whistleblowers Act ("FPWA").

**WHEREAS**, Defendant disputes the merits of Plaintiff's claims, including whether Plaintiff was not paid for all hours worked, whether Plaintiff worked the amount of overtime hours alleged, and the computation of any alleged overtime hours worked; which entity was Plaintiff's employer; and whether it violated the FPWA.;

**WHEREAS**, the Parties have amicably resolved this matter under the following terms and conditions:

1. This Agreement is conditioned upon the Court entering an Order granting the "Joint Motion for Approval of FLSA Settlement Agreement" ("Agreement') and dismissing this Lawsuit with prejudice.

If the Court denies the Motion and/or does not approve of this Agreement, this Agreement will be null and void.

2. Defendant, in order to resolve the dispute asserted under the FLSA, which has arisen between itself and Plaintiff, without further litigation and the costs associated with it, have agreed to pay Plaintiff and his attorney the total sum of SIX THOUSAND FIVE HUNDRED DOLLARS AND NO/100 DOLLARS ($6,500.00). The payment will be apportioned as follows:

   a. FOUR THOUSAND AND NO/100 DOLLARS ($4000.00) as payment for alleged unpaid overtime wages to Plaintiff;

   b. TWO THOUSAND FIVE HUNDRED DOLLARS AND NO/100 DOLLARS ($2,500.00) payable to Plaintiff's counsel for fees and costs.

   c. In addition to the amounts set forth above, Plaintiff shall receive $2500.00 (U.S. two Thousand Five Hundred Dollars and no Cents) as consideration for a general release, confidentiality agreement and dismissal with prejudice of any and all other non-FLSA claims asserted by Plaintiff, including, but not limited to the FWPA claim asserted in her lawsuit. That document will not be filed with the court. Each party shall be solely responsible for its own attorney's fees and costs under this section.

2

3. One check, totaling $9,000.00 will be made payable to **Wenzel Fenton Cabassa, P.A. Trust Account,** and will be delivered with 15 (fifteen) days of the execution of this Agreement.

4. It shall be Plaintiff's and his attorney's sole responsibility to pay any applicable taxes and make any required withholdings under the law for the sums paid pursuant to this Agreement.

5. Plaintiff shall dismiss with prejudice, or otherwise cause the Court to dismiss with prejudice, the Lawsuit and all claims asserted therein. The parties agree and acknowledge that Court approval of this Agreement is necessary to provide for a full and complete release of any claims that Plaintiff alleges under the Fair Labor Standards Act. Counsel for Defendant shall hold the settlement funds until the Court issues an Order in the Lawsuit approving this Agreement, and dismissing the Lawsuit with prejudice.

6. Effective upon the Court's approval of and dismissal of this lawsuit, Plaintiff and his partners, attorneys, heirs, executors, administrators, successors, personal representatives, and/or assigns (collectively, "Releasing Parties"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, do hereby covenant not to sue, and remise, release, acquit, satisfy and forever discharge, Defendant, and its officers, agents, servants, employees and independent contractors, affiliates, their partners, heirs, executors, administrators, successors, and/or assigns, and Fortune Capital Management Services, Inc. and its officers, agents, servants, employees and independent contractors, affiliates, their partners, heirs, executors, administrators, successors, and/or assigns,(collectively, "Released Parties"), of and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of

3

money, accounts, reckonings, bonds, bills, specialities, covenants, contracts, controversies, agreements, promises, variances, trespasses, attorneys' fees, costs, judgments, executions, claims, damages, and demands whatsoever, in law or in equity, whether known or unknown, accrued or unaccrued, and whether foreseeable or unforeseeable, which the Releasing Parties ever had, now have, or their heirs, partners, executors, administrators, successors, personal representatives, and/or assigns hereafter can, shall or may have against the Released Parties arising out of and/or relating to the claims, causes of action, facts and transactions set forth in the Lawsuit, or that could have been set forth in the Lawsuit, or that arose out of Plaintiff's employment or termination of employment with the Defendant, excepting however the payment of the funds called for in this Agreement.

7. The parties agree and acknowledge that Court approval of this Agreement is necessary to provide for a full and complete release of any claims that Plaintiff alleges under the Fair Labor Standards Act. The parties agree and acknowledge that Court approval of the Agreement is a material term of the settlement of this Lawsuit.

8. **Non-Admission of Liability** – Plaintiff, and Defendant agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by any of the Released Parties.

9. **Confidentiality** – This Agreement is strictly confidential. Plaintiff agrees that he will not, directly or indirectly, disclose, publicize or discuss any of the terms, substance or conditions of this Agreement with anyone, or cause directly or indirectly, any third person to disclose, publicize or discuss any of the terms, substance or conditions of this Agreement with anyone.

4

The Confidentiality provisions of this Agreement is a significant part of the consideration for this Agreement, and any breach thereof will result in Plaintiff paying back all funds paid pursuant to this Agreement, that were apportioned to Plaintiff.

10. The parties agree that they will not, directly or indirectly, disparage, defame or make derogatory or negative statements or communications of any kind to any person or entity regarding each other. Moreover, Defendants agree to provide "neutral references" only with regards to the Plaintiff in the event any such information is requested. "Neutral references" shall be limited to dates of employment, rate of pay and position held. The parties acknowledge that no remedy at law for damages may be adequate to compensate the injury to each party for a breach of the provisions of this paragraph. Therefore, the parties agree that the aggrieved party shall be entitled to temporary and permanent injunctive relief against the breaching party for a breach of the provisions of this paragraph. Such relief shall in no way limit any other remedies, including a suit for money damages, that the aggrieved party may have as a result of a failure by the breaching party to strictly abide by and enforce the provisions of this paragraph.

11. **<u>No Future Employment</u>** - In consideration of the promises made by Defendant in this Agreement, Plaintiff acknowledges that he does not currently work for Defendant or any of its officers, agents, servants, employees, independent contractors, affiliates, partners, heirs, executive assignees or Fortune Capital Management Services, Inc. and any of its officers, agents, servants, employees, independent contractors, affiliates, partners, heirs, executive assignees and agrees not to seek employment or re-employment with any of the Released Parties at any point in the future. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory.

12. Plaintiff will not visit or enter the premises commonly known as Vista Lago.

13. The Parties represent that they have read the Agreement, have had the opportunity to seek independent counsel of their own choice, and completely understand the terms and conditions and effect of this Agreement. The Parties are therefore fully aware of the terms and conditions contained in this Agreement and have voluntarily and without duress entered into this Agreement and the transactions contemplated thereby.

14. If any party is required to take legal action to enforce this Agreement, the prevailing party is entitled to reasonable attorney's fees and costs.

15. The provisions of this Agreement may only be amended, supplemented, waived and/or modified by a writing signed by the party as to whom enforcement of any such amendment, supplement, waiver and/or modification is sought and making specific reference to this Agreement.

16. This Agreement shall not be construed more strictly against one party than against any other party merely by virtue of the fact that it might be prepared by counsel for one of the Parties, it being recognized that all Parties have contributed substantially and materially to the preparation of this Agreement.

17. This Agreement may be executed simultaneously in two or more counterparts and by facsimile and/or electronically, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

DocuSign Envelope ID: E352E210-7E92-455A-8EF6-705638CAE638

## SIGNATURE PAGE FOR SETTLEMENT AGREEMENT
## AND RELEASE OF ALL CLAIMS

WHEREAS, by execution of this Agreement below, the Parties express their consent to be bound in all respects to the terms and conditions of this Agreement.

_____  Dated: January 1/11/2017, 2017
Andres Velazquez (Plaintiff)

Fortune Capital Partners, Inc. (Defendant)

By:_____  Dated: January _____, 2017

Fortune Capital Management Services, Inc.

By:_____  Dated: January _____, 2017

## SIGNATURE PAGE FOR SETTLEMENT AGREEMENT
## AND RELEASE OF ALL CLAIMS

WHEREAS, by execution of this Agreement below, the Parties express their consent to be bound in all respects to the terms and conditions of this Agreement.

_____  Dated: January _____, 2017
Andres Velazquez (Plaintiff)

Fortune Capital Partners, Inc. (Defendant)

By: _____  Dated: January _11_, 2017

Fortune Capital Management Services, Inc.

By: _____  Dated: January _11_, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANDRES VELAZQUEZ,   Case No: 1:16-cv-24251-JEM

    Plaintiff,

v.

FORTUNE CAPITAL PARTNERS, INC.

    Defendant.

_____/

## ORDER ON JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT

THIS CAUSE came before the Court upon the parties' Joint Motion to Approve FLSA Settlement (D.E. No.. ____) in accordance with the principles of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). It is hereby:

ORDERED AND ADJUDGED that the Joint Motion to Approve FLSA Settlement Agreement is **GRANTED**. The Court specifically approves the parties' settlement agreement as being fair and reasonable.

DONE AND ORDERED in Chambers at Miami, Florida, this __ day of January, 2017.

 

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
J:\WPDocs\5889.001 - Fortune Capital Partners\PLEADINGS\Proposed Order on Joint Motion to Approve Settlement-40286.v2.docx